# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**KENNETH GOMEZ**

     **Plaintiff,**

**vs.**                               **10-CV-594 JAP/LFG**

**ELEVENTH JUDICIAL DISTRICT COURT,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

On July 1, 2010, Defendant the Eleventh Judicial District Court ("Defendant District Court") filed its Motion To Dismiss No. I: Dismissal of Gomez's Fourteenth Amendment Equal Protection And Procedural And Substantive Due Process Claims (Doc. No. 11) ("Motion To Dismiss"). On July 5, 2010, Plaintiff Kenneth Gomez ("Plaintiff") filed his Response To Defendant's Motion To Dismiss No. I: Dismissal of Gomez's Fourteenth Amendment Equal Protection And Procedural And Substantive Due Process Claims (Doc. No. 15) ("Response To Motion To Dismiss").  On July 19, 2010, Defendant District Court filed its Reply To Response To Motion To Dismiss No. I: Dismissal of Gomez's Fourteenth Amendment Equal Protection And Procedural And Substantive Due Process Claims (Doc. No. 25) ("Reply To Motion To Dismiss"). Because Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for violation of his rights under the Fourteenth Amendment, the Court will grant the Motion To Dismiss and will dismiss Plaintiff's claims brought under § 1983.

On July 5, 2010, Defendant District Court filed its Motion For Partial Summary Judgment No. I: Dismissal Of Plaintiff's Quo Warranto Action And Claims Brought Under 42

1

U.S.C. §§ 1983, 1985, and 1986 (Doc. No. 14) ("MPSJ").  On July 6, 2010, Plaintiff filed his Response To Defendant's Motion For Partial Summary Judgment No. 1: Dismissal Of Plaintiff's Quo Warranto Action And Claims Brought Under 42 U.S.C. §§ 1983, 1985, and 1986 (Doc. No. 16) ("Response to MPSJ"). On July 19, 2010, Defendant District Court filed Defendant's Reply To Response To Motion For Partial Summary Judgment No. 1: Dismissal Of Plaintiff's Quo Warranto Action And Claims Brought Under 42 U.S.C. §§ 1983, 1985, and 1986 (Doc. No. 27) ("Reply To Response To MPSJ").  Because Plaintiff has failed to state a claim under 42 U.S. §§ 1983 and 1985,  the Court will grant the MPSJ and will dismiss all of Plaintiff's claims of conspiracy under §§ 1983 and 1985.

On July 19, 2010, Plaintiff filed his Verified Motion For Summary Judgment Under Rule 56 (Doc. No. 33) and Memorandum Brief In Support Of Verified Motion For Summary Judgment Under Rule 56 (together "Plaintiff's MSJ"). On August 4, 2010, Defendant District Court filed Defendant's Response To Plaintiff's Verified Motion For Summary Judgment Under Rule 56 (Doc. No. 42) ("Response To Plaintiff's MSJ"). On August 5, 2010, Plaintiff filed his Reply To Defendant's Response To Verified Motion For Summary Judgment Under Rule 56 (Doc. No. 43)  ("Reply To Response To Plaintiff's MSJ").  Because the Plaintiff is not entitled to judgment as a matter of law on his claims, the Court will deny the Plaintiff's MSJ. Because it is unclear whether Plaintiff has asserted claims based solely in state law, the Court will not dismiss the entire case, rather, the Court will decline to exercise jurisdiction over those state law claims and will remand this case to the Eleventh Judicial District Court so that Plaintiff may pursue those state law claims.

I.      Background

On June 1, 2010, Plaintiff filed his Complaint To Void Judgments And For Writ of Quo

2

Warranto in the Eleventh Judicial District Court, San Juan County, New Mexico. On June 16, 2010, Plaintiff filed the Second Amended Complaint To Void Judgments, And For Writ of Quo Warranto (Doc. No. 8) ("Second Amended Complaint"). In the Second Amended Complaint, Plaintiff claimed that he was authorized to bring this action in the name of the State of New Mexico against The Eleventh Judicial District Court, San Juan County, New Mexico, whose judges Plaintiff alleged "unlawfully [held] . . . public office[.]" NMSA 1978, § 44-3-4 (1919).[1] On June 21, 2010, Defendant District Court removed the case to this Court. *See* Notice of Removal (Doc. No. 1).

In the Second Amended Complaint, Plaintiff has alleged that under the New Mexico Constitution and statutes, all of the judges sitting on Defendant District Court were required to post and file for record a bond[2] before they could legally assume office. (*Id.* at 2.) Plaintiff reasons that because the judges on Defendant District Court have failed to post the appropriate bond, they could not hold "title" to their offices. (*Id.*) Plaintiff further asserts that he could not appeal the judgments against him because "there are no courts of law to which he could appeal the non-competent judgments rendered." (*Id.* at 1.) Specifically, Plaintiff has alleged the following:

---

[1] As the Court stated in its Order Denying Objection To The Prejudicial Order Entered, The Untrustworthiness Of Assigned Judges, And The Erroneous Caption Of The Case (Doc. No. 49), Plaintiff has not followed the statutory requirements to bring an action in quo warranto; thus, the Court will consider all of the claims in the Second Amended Complaint to have been asserted by Plaintiff individually.

[2] The parties variably refer to this bond as a "penal bond," a "surety bond," and a "judicial bond." The statute Plaintiff relies on, NMSA 1978, Section 10-2-9 (1893), provides that "[e]ach and every person who may hereafter be elected or appointed to office in this state, required by law to give bond, shall file the same for record before entering upon the discharge of the duties of the office." For clarity, the Court uses the statutory terminology, "bond," rather than the parties terminology, except when directly quoting the parties.

1) that Plaintiff may bring this quo warranto action because there are no public officers who could grant permission to Plaintiff to sue on behalf of the State of New Mexico (*Id.* at 1.);

2) that under the authority of New Mexico Rule of Civil Procedure 1-060B(4), several judgments and decisions against Plaintiff "from 1963 to the present issued by any and all Courts within the jurisdiction of the Defendant Eleventh Judicial District Court" have all been "null, void, and without legal effect . . . " (*Id.*);

3) that the judgments and decisions issued by Defendant District Court "have severely injured him by denying him constitutional rights under Sections 1 and 3, Fourteenth Amendment and all civil rights laws giving the said constitutional powers effect[]" (*Id.*);

4) that the judgments and decisions "damaged his personal character *without recourse*, since there are no persons who have acquired title to positions as judges in any State of New Mexico courts of law, and since there are no courts of law to which he could appeal the non-competent judgments rendered[]" (*Id.*) (emphasis in original); and

5) that all judges of Defendant District Court have held "positions . . . under false pretenses" because they "filed . . . falsified Declaration of Candidacy . . . for retention or election in that while holding a position as [judges] they . . . perjured the oath taken while only posing as an active judge by failing to [file a bond] . . ." (*Id.* at 3-4).

Plaintiff asks for several types of relief under 42 U.S.C. §§ 1983, 1985, 1980,[3] and 1994.[4] First, Plaintiff asks the Court to declare the judgments against him void because the judges on Defendant District Court lacked the authority to render judgments against Plaintiff. (*Id.* at 7.) Second, Plaintiff asks that the Court declare all judgments against pro se litigants void because pro se litigants are forbidden to practice law, which is ". . . a special and substantive privilege unavailable to pro se litigants." (*Id.*) Third, Plaintiff asks the Court to award him damages in the

---

[3] Section 1980 was left blank for future legislation; therefore, the Court will dismiss this claim.  42 U.S.C. § 1980.

[4] Section 1994 prohibits "[t]he holding of any person to service or labor under the system known as peonage . . ." 42 U.S.C. § 1994.  Plaintiff has made no allegations that Defendant District Court has held him under peonage; therefore, the Court will dismiss this claim.

amount of $100,000.00 for each judgment entered against him since 1997.[5] (*Id.*)  Fourth,

Plaintiff asks the Court to issue an order against Defendant District Court to show cause why its

judges "qualify, hold, and possess title to the office (§ 10-2-9), without previously and

personally giving, filing, and recording a penal bond binding them to the promises contained in

their contract oath of office as mandated by Article VI, Clauses 2 and 3, Constitution of the

United States of America and Article XXII, Section 19, Constitution of the State of New

Mexico." (*Id.* at 8.)

II.     Defendant District Court's Motion To Dismiss

A.     Standard of Review For Motions To Dismiss

In its Motion To Dismiss, Defendant District Court asks the Court to dismiss Plaintiff's

claims brought under 42 U.S.C. § 1983, for "failure to state a claim upon which relief can be

granted."  Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, a court

must accept all well-pleaded allegations as true and must view them in the light most favorable

to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d

810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that the complaint set forth the grounds of a

plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation

of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While the complaint does not need to include detailed factual allegations, "factual allegations

must be enough to raise a right to relief above the speculative level."  *Id.* In other words, a court

may dismiss a complaint when a plaintiff has failed to assert "a claim to relief that is plausible

---

[5] In Exhibit 1 to the Second Amended Complaint, Plaintiff lists eight cases in the
Eleventh Judicial District Court in which he was a party. Seven of the cases have reached final
disposition, and one case is still pending. The final dispositions in those cases date from 1997 to
2010.

on its face." *Id.* at 570.

Because Plaintiff is pro se, the Court will liberally construe his pleadings. *See Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (citing *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007)). Nonetheless, pro se litigants must "follow the same rules of procedure that govern other litigants," and in particular the requirements of Rule 12(b)(6). *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "liberal construction" may require that a court look past a plaintiff's failure to cite proper legal authority, poor syntax, and even the omission of a crucial factual element in an otherwise satisfactory complaint, but "liberal construction" cannot salvage a claim based largely on conclusory assertions and/or patently inadequate allegations. *See id.*; *Giron v. Abascal*, 2007 WL 2002564, *3-4 (D.N.M. 2007) (Hansen, J.) (unpublished).

B. Plaintiff's Claims Brought under 42 U.S.C. § 1983.

Plaintiff asserts that Defendant District Court has ". . . severely injured him by denying him constitutional rights under Sections 1 and 3, Fourteenth Amendment and all civil rights laws giving the said constitutional powers effect." (Sec. Am. Compl. at 1.)  Sections 1 and 3 of the Fourteenth Amendment provide,

> Section 1. . . . No State shall make or enforce any law which shall abridge the privileges
> or immunities of citizens of the United States; nor shall any State deprive any person of
> life, liberty, or property, without due process of law; nor deny to any person within its
> jurisdiction the equal protection of the laws.
> . . .
> Section 3. No person shall . . . hold any office, civil or military, under the United States,
> or under any State, who, having previously taken an oath . . . as an executive or judicial

6

officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.[6]

U.S. Const. am. XIV, §§ 1 and 3.

Section 1983 of title 42 is the vehicle through which a person may assert violations of his due process rights under the Fourteenth Amendment of the United States Constitution. *Id.*; 42 U.S.C. § 1983.

Section 1983 states,

Every **person** who, under color of any statute, . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .,

42 U.S.C. § 1983 (emphasis added). Defendant District Court argues that Plaintiff cannot sue it under § 1983 because it is an "arm of the state" and cannot be considered a "person" under § 1983. *See Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (dismissing complaint against state court and judges and concluding, "[n]either the state, nor a governmental entity that is an arm of the state, . . . is a 'person' within the meaning of § 1983"). The Tenth Circuit Court of Appeals has held that a state court is an "arm of the state," and therefore, is not a "person" who can be sued under § 1983. *See Coopersmith v. Supreme Ct. of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972). In *Coopersmith*, the district court dismissed the plaintiff's § 1983 complaint and the Tenth Circuit affirmed the dismissal because the  defendants, the "Supreme Court State of Colorado," the "Court of Appeals State of Colorado," and the "District Court, Grand County,

---

[6] Plaintiff has not alleged that Defendant District Court has engaged in insurrection or rebellion against the State of New Mexico or the United States; therefore, he has failed to state a claim under Section 3 of the Fourteenth Amendment.

State of Colorado," were not "persons" who could be sued under 42 U.S.C. § 1983.  *Id.*

Defendant District Court is an "arm of the state" because it is controlled by the State of New Mexico. *Watson v. University of Utah Medical Center*, 75 F.3d 569, 574-75 (10th Cir. 1996) (stating that an entity is an arm of the state if it is controlled and funded by the state). Defendant District Court was created by state statute, NMSA 1978 §§ 34-6-1 (creating district courts) and 34-6-14 (creating eleventh judicial district). Defendant District Court is an agency of the judicial department of the New Mexico state government and its personnel are subject to all laws and regulations applicable to state offices and agencies.  NMSA 1978 § 34-6-21. Defendant District Court is funded by the state and is required to submit income and expense statements to the state. NMSA 1978 §§ 6-3-9 and 6-3-18.

Because Defendant District Court is an "arm of the state" and is not a "person" capable of being sued under 42 U.S.C. § 1983, the Court will grant the Motion To Dismiss and will dismiss Plaintiff's claims against Defendant District Court under 42 U.S.C. § 1983 for alleged violations of the Fourteenth Amendment of the United States Constitution. *Harris*, 51 F.3d at 906 (holding that Oklahoma state court was not a "person" within the meaning of § 1983); *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (holding that Missouri state courts are not "persons" capable of being sued under § 1983).

However, even if Plaintiff could bring a § 1983 case against Defendant District Court, Plaintiff's allegations that Defendant District Court violated his rights under the Fourteenth Amendment fail to state claims and should be dismissed as a matter of law under Rule 12(b)(6).[7]

---

[7] The Court notes that Plaintiff may not bring a cause of action directly under the Fourteenth Amendment but rather must pursue any alleged constitutional violations under 42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993).

C.      Plaintiff's Fourteenth Amendment Claims

In the Second Amended Complaint, Plaintiff asserts that Defendant District Court denied him his "constitutional rights under Sections 1 and 3 of the Fourteenth Amendment . . . ." (Sec. Am. Comp.at 1.)  Defendant District Court moves to dismiss Plaintiff's generalized Fourteenth Amendment claim by addressing whether Plaintiff asserted legally cognizable claims for violations of the equal protection clause, for violations of his substantive due process rights, and for violations of his procedural due process rights.

1.  Plaintiff's Equal Protection Claims

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. The Equal Protection Clause grants to all citizens "the right to be free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae*, 448 U.S. 297, 322 (1980). The Equal Protection Clause requires that state governments treat certain similarly situated persons in a similar manner. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

a)  Plaintiff's Individual Claims

In the Motion To Dismiss, Defendant District Court argues that Plaintiff, as a class of one, has failed to allege that the Defendant District Court violated his rights under the Equal Protection Clause because Plaintiff has not alleged that Defendant District Court treated him differently than similarly situated litigants who came before Defendant District Court. In *Jennings v. City of Stillwater*, the Tenth Circuit Court of Appeals explained that to state an equal protection claim, a class-of-one plaintiff must "provide a specific and detailed account of the nature of the preferred treatment of the favored class." 383 F.3d 1199, 1214 (10th Cir. 2004).

9

In the Response To Motion To Dismiss, Plaintiff argues that he has alleged "more than sufficient differences in ¶ 8-1, pp. 2-4 [of the Second Amended Complaint]." (Resp. at 5.) Plaintiff argues that he "was subjected to decisions and judgments of certified felons holding positions as state public officers in Defendant District Court." (Mot. To Dis. at 5.) Plaintiff further contends that "New Mexico Statutes do not require Plaintiff Gomez to be subordinate to certified felons as specified with the upmost clarity in ¶ 1d . . . and then simultaneously provide Plaintiff Gomez equal protection under the laws." [8] (*Id.*)  Plaintiff has failed to allege that he was treated less favorably than other litigants appearing before the Defendant District Court; hence, Plaintiff has failed to state an individual equal protection claim.

### b)  Plaintiff's Claim On Behalf Of Pro Se Litigants

Plaintiff has also asked the Court to declare all judgments against pro se litigants void because pro se litigants are "forbidden to practice law under state law while opposed by a party who is authorized to practice law; a practice with special privileges. . . ." (Sec. Am. Compl. at 7.) While Plaintiff may represent himself pro se, Plaintiff lacks standing to bring claims on behalf of other unnamed pro se litigants; therefore, the Court will dismiss this claim. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (stating that a litigant may bring his own claims to federal court without counsel, but not the claims of others).[9]

---

[8] Paragraph 1d. of the Second Amended Complaint alleges that all judges of the Defendant District Court falsified their Declarations of Candidacy for retention or election because while holding position as judges, they "did so unlawfully . . . only posing as active judge[s ] . . ." (Sec. Am. Comp. at 4.)

[9]  Although the Defendant District Court did not specifically request dismissal of this claim for relief, the Court may *sua sponte* consider its jurisdiction and determine whether a litigant has standing to pursue his claims. *Russell v. Financial Capital Equities*, 158 Fed. Appx. 953, 955 (10th Cir. 2005) (stating that federal courts must examine their own jurisdiction to rule on specific claims).

## 2. Plaintiff's Substantive Due Process Claim

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . ." U.S. Const. amend. XIV § 1. The Fourteenth Amendment contains a judicially recognized substantive due process component that protects an individual's life, liberty and property against "certain government actions regardless of the fairness of the procedures used to implement them." *Sanders v. Board of County Com'rs of County of Jefferson, Colo.*, 192 F. Supp. 2d 1094, 1106 (D. Colo. 2001) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). In the Second Amended Complaint, Plaintiff alleges that Defendant's violations of the United States Constitution harmed "his personal character." (Second Am. Comp. at 1.) In the Motion To Dismiss, Defendant District Court argues that as a matter of law, Plaintiff's alleged loss of his "good reputation" is not the type of liberty or property interest that is protected under the Fourteenth Amendment under *Paul v. Davis*, 424 U.S. 693 (1976). In *Paul v. Davis*, the Supreme Court held that reputation alone is not an interest protected by the Fourteenth Amendment of the United States Constitution. *Id.* at 701. "The words 'liberty and property,' as used in the Fourteenth Amendment do not in terms single out reputation as a candidate for special protection over and above other interests that may be protected by state law." *Id.* Therefore, Plaintiff's Fourteenth Amendment substantive due process claim fails to allege a cognizable claim of injury, and the Court will dismiss this claim.

## 3. Plaintiff's Procedural Due Process Claim

"Procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision." *Kirkland v. St. Vrain Valley Sch. Dist.*, 464 F.3d 1182, 1189 (10th Cir. 2006) (quotation omitted).  Defendant District Court argues that under Supreme Court case law, a person's procedural due process rights are not

11

violated if it was impractical to provide a pre-deprivation remedy. *See Parrat v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). In fact, Plaintiff has not asserted that, in each of the previous cases against him, he should have been given a pre-deprivation remedy, such as a hearing regarding the legality of those holding judicial office in the Defendant District Court. Moreover, if a state provides a sufficient post-deprivation remedy, through its tort law for example, then the state cannot be held to have violated the Fourteenth Amendment's procedural due process clause. *Hudson*, 468 U.S. at 533.

Plaintiff claims that the Defendant District Court violated his due process rights by entertaining suits against Plaintiff and by entering judgments against Plaintiff through judges who had not fulfilled the requirement to post bond.  In fact, Plaintiff alleges that no qualified judge sits on the Defendant District Court.  However, the state has provided Plaintiff a post-deprivation remedy because he could have appealed the judgments to the New Mexico Court of Appeals or he could have pursued claims under the New Mexico Tort Claims Act.  Thus, because the state provides a sufficient post-deprivation remedy, Defendant District Court as a matter of law did not violate Plaintiff's procedural due process rights.

III.  Conclusion on Defendant District Court's Motion To Dismiss

Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because Defendant District Court is not a "person" against whom a § 1983 action may be brought.  Even if Plaintiff were allowed to bring a § 1983 action against Defendant District Court, Plaintiff has failed to state a claim that Defendant District Court violated his rights under the Fourteenth Amendment's equal protection clause or under the Fourteenth Amendment's procedural due process or substantive due process provisions.

12

IV.    Defendant District Court's MPSJ

    A.    Standard of Review for Motions for Summary Judgment

Under Rule 56, the Court may grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant may meet its Rule 56 burden by pointing out to the court that the non-movant "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movant has met its Rule 56 burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

    B.    Collateral Estoppel

In its MPSJ, Defendant argues that Plaintiff is precluded from bringing this action because a state district court has already determined that state district judges are not required to obtain a bond under New Mexico law. In his Response to MPSJ, Plaintiff asserts that he has not previously litigated his claims in this Court, and his claims should not be dismissed under the doctrine of collateral estoppel.

The doctrine of collateral estoppel denies a party the ability to litigate "ultimate facts or issues that have been actually and necessarily decided in a previous suit." *Fourteen Thousand Six Hundred Thirty Nine Dollars v. Martinez*, 120 N.M. 408, 414 (N.M. Ct. App. 1995) (quoting *State v. Bishop*, 113 N.M. 732, 734 (N.M. Ct. App. 1992)). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, this Court must give final orders entered in New Mexico courts their legal effect including their preclusive effect under the doctrine of collateral estoppel.  And, "the

13

preclusive effect of a state court decision in an action filed in federal court is, with limited

exceptions . . . , determined by state law." *Wilkinson v. Pitkin County Bd. of Commissioners*, 142

F.3d 1319, 1322 (10th Cir. 1998).

Under New Mexico law, a party seeking dismissal of a claim under the doctrine of

collateral estoppel must demonstrate that

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

*Shovelin v. Central New Mexico Elec. Co-op., Inc.*, 850 P.2d 996, 1001 (N.M. 1996).

Defendant District Court argues that it has met its burden to show that Plaintiff has

already litigated the issue of whether state court judges are required to post bond in *Totah Credit*

*Union v. Gomez, Kenneth and Lynette*, CV-004-386-6, a case brought in 2004. *Totah* involved an

action by Totah Credit Union against Plaintiff and his wife, Lynette Gomez, in the Eleventh

Judicial District Court seeking money damages for non-payment of a promissory note and

replevin of vehicles that secured the promissory note. (Complaint, MPSJ Ex. A.)  Plaintiff and

his wife alleged in a counterclaim[10] that "[a]t no time during this case has the [Eleventh Judicial

District] Court, or any other court of law within the State of New Mexico been or could become

competent to hear and determine the instant cause" because the judges on the Court did not have

the appropriate surety bonds required under New Mexico statutory and constitutional law.

(MPSJ Ex. B.)  Plaintiff and his wife asked for damages under 42 U.S.C. § 1983 based on the

failure of the judges of the Eleventh Judicial District Court to obtain a bond. (MPSJ at 5 and Ex.

---

[10] The counterclaim was actually a Verified Complaint For Injuries and Damages filed by the Plaintiff and his wife, which the court re-labeled a counterclaim. (MPSJ at 4 and Ex. B.)

B.) Plaintiff and his wife also filed a Motion For Declaratory Judgment in which they argued that in the *Totah* case and in three previous cases brought against them in the Eleventh Judicial District Court,[11] they had been denied a "constitutionally and statutorily competent court of law in that persons sitting and posing as judges of the Court" were not qualified to be judges because they failed to obtain "a personal surety bond" under NMSA §§ 10-2-1 to 12. (*Id.* Ex. C at 1-2.)

On February 23, 2007, the state court in *Totah* entered an Order Denying Motion For Declaratory Judgment & Dismissing Action (*Id.* Ex. D) (the "*Totah* Order"), in which the court denied the Motion For Declaratory Judgment and dismissed with prejudice the counterclaims asserted by Plaintiff and his wife. The court dealt with Plaintiff's and his wife's arguments in a one sentence finding in which the court stated, the "Counterclaims, cross-claims and the Motion for Declaratory Judgment by KENNETH and LYNETTE GOMEZ are not well taken and are based upon a misreading and misinterpretations of the Surety Bond Act." (*Id.* at 1.)  In the *Totah* Order, the court related Totah Credit Union's argument that the Motion for Declaratory Judgment, "is a mere repetition of past spurious motions and that it is entitled to a dismissal of all counterclaims, etc. by the Gomez'[.]" (MPSJ Ex. D.)

Defendant District Court argues that based on the state court's findings in *Totah*, Plaintiff is precluded under the doctrine of collateral estoppel from relitigating the bond issue in this case. Plaintiff, the party against whom collateral estoppel is asserted, was a party in the *Totah* case; thus, the first element of collateral estoppel is present. *Shovelin*, 850 P.2d at 1001.

Second, the *Totah* case, which was an action to enforce payment of a promissory note is

---

[11] In the Motion for Declaratory Judgment, Plaintiff and his wife listed the following cases against them: *Moeller v. Gomez*, CV 06-779-2; *MBNA America Bank, N.A. v. Gomez*, CV-06-566-3; *Gomez v. N.M.*, Case No. 30,167, N.M. Supreme Court

substantially different from this case, which has been brought for violation of federal constitutional and statutory rights. Thus, Defendant has met the second element of the collateral estoppel test.

Third, Defendant must show that Plaintiff had a full and fair opportunity to litigate the issue in *Totah*.  *Id.* at 1002. In *Totah*, Plaintiff and his wife were defending against Totah's claims for non-payment of a promissory note in excess of $4,000.00. In addition, Totah Credit Union brought a complaint for a writ of replevin to enforce liens on two automobiles that secured the promissory note. The pleadings presented here, however, do not illustrate whether the bond issue was specifically litigated. There is no transcript of the arguments before the state court, and Totah Credit Union's pleadings in response to the counterclaim and Motion For Declaratory Judgment are not of record here. Thus, Defendant District Court has failed to demonstrate that Plaintiff had a full and fair opportunity to litigate the issue in the *Totah* case.

Concerning the fourth element of collateral estoppel, Defendant has also failed to show that the *Totah* court necessarily determined the issue in question. Issues necessarily determined are those that "were essential to a decision therein and upon the determination of which the prior judgment was rendered." *McCarthy v. Kay*, 189 P.2d 450, 451 (N.M. 1948).  Defendant argues that the judge in *Totah* necessarily decided the issue because the judge could not have concluded the *Totah* case without deciding the merits of Plaintiff's and his wife's counterclaims. However, in the *Totah* Order, the court found that the underlying collection case by Totah Credit Union "ha[d] been completed and the debt [was] paid." (*Totah* Order at 1.)  And, in the *Totah* Order, the court found generally that the Plaintiff's arguments were based upon a misreading and misinterpretation of the Surety Bond Act without any specific findings as to what provisions of the Surety Bond Act were misinterpreted.  Instead, the court recited Totah Credit Union's

16

argument that Plaintiff's and his wife's arguments were mere repetitions of previous spurious

arguments. (*Id.*)  Hence, Defendant District Court has failed to demonstrate that the *Totah* court

"necessarily decided" the issue of whether state court judges must post bond under New Mexico

constitutional and statutory law, and the Court cannot give preclusive effect to the findings by

the court in the *Totah* Order.

      Even though Plaintiff is not specifically precluded by the doctrine of collateral estoppel

from arguing that state district judges are required to post a bond under New Mexico law, the

Court may not decide the issue because the effect of the decision would be to overturn previous

state court decisions.  This Court lacks jurisdiction to consider the validity of state court

judgments. Under the *Rooker-Feldman* doctrine, Plaintiffs cannot bring suit in federal court to

challenge allegedly erroneous state court judgments. *D.C. Court of Appeals v. Feldman*, 460

U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine

bars "cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the [federal] district court proceedings commenced and inviting district court

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544

U.S. 280, 284 (2005). Plaintiffs who believe that judgments were entered against them by courts

without jurisdiction may take those arguments up on appeal to state appellate courts and may

eventually seek review before the United States Supreme Court. As stated by the court in

*Kassabji v. Baca*, 2007 WL 750557 (D.N.M. Jan. 30, 2007) (unpublished),

> The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction to grant relief whenever the requested relief "would necessarily undo" the state court's judgment, as in when the relief granted would place the plaintiff "back in the position" he occupied before the state court's ruling. . . . Federal courts lack jurisdiction to review, reverse, or grant relief from state-court judgments, even if those judgments were allegedly the result of a constitutional violation.

*Id.* at *3 (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233-34 (10th Cir. 2006).

        C.      Conspiracy Claims Under §§ 1983 and 1985[12]

Defendant District Court contends that Plaintiff's general § 1983 claim includes a claim that Defendant District Court was part of a conspiracy to violate § 1983.  Defendant District Court argues that this conspiracy claim is not viable without an underlying constitutional rights violation. The Court agrees.

The Tenth Circuit has stated,

> to recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient. . . . This is because the essence of a § 1983 conspiracy claim is the deprivation of the right rather than the conspiracy.

*Dixon v. City of Lawton, OK*, 898 F.3d 1443, 1449 (10th Cir. 1990) (citations omitted). Since the Court has determined that Plaintiff failed to allege a viable claim that Defendant District Court violated his constitutional rights, the Court will dismiss any claim of conspiracy contained in Plaintiff's general § 1983 claim.  In addition, since the Court has determined that Defendant is not a "person" who can be held to violate § 1983, any claim of conspiracy under § 1983 must be dismissed for this reason as well.

Plaintiff asserts generally that he is entitled to relief under 42 U.S.C. § 1985; however, Plaintiff did not cite a specific sub-section of § 1985 that he claims Defendant District Court violated.  Defendant District Court argues that Plaintiff has failed to state an actionable claim under all three sub-sections of § 1985. Sub-sections (1) – (3) of 42 U.S.C. § 1985 prohibit several types of conspiracies to deprive persons of their civil constitutional rights.  Section 1985

---

[12] In its MPSJ, Defendant District Court asked for summary judgment dismissing Plaintiff's claim under 42 U.S.C. § 1986; however, the Court has found no mention of § 1986 in Plaintiff's Second Amended Complaint. Thus, this argument will not be considered.

(1) provides,

> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties.

42 U.S.C. § 1985(1). Section 1985(1) prohibits conspiracies to prevent federal officers from performing their duties. Plaintiff does not claim that he was acting as a federal officer when Defendant District Court allegedly violated his constitutional rights; thus, Plaintiff has failed to state a claim under § 1985(1) and his § 1985(1) claim will be dismissed.

> Section 1985(2) prohibits a conspiracy to

> deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). Section 1985(2) contains four clauses that create four distinct causes of action. *Wright v. No Skiter, Inc.*, 774 F.2d 422, 425 (10th Cir. 1985). The causes of action are as follows:

> A. If two or more persons conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, . . . or
> B. to injure such party or witness in his person or property on account of his having so attended or testified, or

19

C. if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or
D. to injure him or his property for lawfully enforcing . . . the right of any person, or class of persons, to the equal protection of the laws.

*Id.* (citing *Kimble v. D.J. Duffy, Inc*., 623 F.2d 1060, 1064-1065 (5th Cir. 1980)).

The first two clauses of § 1985(2) do not apply in this case because they address the administration of justice in the federal courts. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). The third clause is aimed at conspiracies for the purpose of impeding, obstructing or defeating "the due course of justice in any State or Territory" with intent to deny a person equal protection of the laws. 42 U.S.C. § 1985(2). This third clause prohibits conspiracies to impede the administration of justice in state courts under the equal protection clause of the Fourteenth Amendment. *Kush*, 460 U.S. at 725.  As the Court has determined, Plaintiff failed to state a claim that Defendant District Court violated his right to equal protection; therefore, any claim of conspiracy must necessarily fail as a matter of law.

The fourth clause of 42 U.S.C. § 1985(2) provides a claim for injuries suffered by a person for having to enforce his or another's rights to equal protection of laws. *Id.* Courts require plaintiffs to allege racial or other class-based invidious discriminatory animus to state an actionable claim under the fourth clause of § 1985(2). *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Smith v. Yellow Freight System, Inc.,* 536 F.2d 1320, 1323 (10th Cir. 1976). Plaintiff has not alleged that Defendant District Court discriminated against him because of his race or due to his membership in a protected class; therefore, as a matter of law Plaintiff has failed to state a claim under this sub-section.

Section 1985(3) provides,

(3) Depriving persons of rights or privileges

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).  Section 1985(3) also requires allegations that Defendant acted with "class-based, invidiously discriminatory animus" *Howell v. Koch*, 1995 WL 649776, *5 (10th Cir. 1995) (unpublished) (citing *United Brotherhood of Carpenters & Joiners of Amer., Local 610 v. Scott*, 463 U.S. 825, 829 (1983)). Plaintiff has not alleged that Defendant District Court discriminated against him due to race or membership in a protected class; therefore, Plaintiff's claim under § 1985(3) fails as a matter of law.  Since all of Plaintiff's claims under § 1985(1)-(3) fail as a matter of law, those claims will be dismissed.

III. Plaintiff's MSJ

In his MSJ, Plaintiff argues that he is entitled to judgment as a matter of law on all of his claims because Defendant District Court admitted its liability when it removed this case from state court to this Court.  Plaintiff asserts that Defendant removed this case to this Court under 28 U.S.C. § 1443, which states,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>     (1) Against any person who is denied or cannot enforce in the courts of such State

> a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Plaintiff argues that by removing this case under § 1443, Defendant District Court admitted that Plaintiff has been "denied . . . a right under any law providing for the equal civil rights of citizens of the United States . . ." 28 U.S.C. § 1443(1) (cited in MSJ at 2.) However, Plaintiff's argument fails for two reasons.

First, Defendant District Court did not remove this case under § 1443, but instead Defendant District Court removed under 28 U.S.C. § 1441(b), which allows defendants to remove cases "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . ." 28 U.S.C. § 1441(b).  Section 1441(b) allows defendants to remove from state courts to federal courts cases brought by plaintiffs asserting claims under federal law. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Second, even if Defendant District Court had removed this case under § 1443, the removal could not be an admission of liability under either subsection of § 1443.  Section 1443 removal is intended to protect the civil rights of defendants, not plaintiffs. *Id.*  Section 1443(1) allows a defendant, who is sued in state court and who is denied or cannot enforce his civil rights in state court, to remove the case to federal court. *State of Georgia v. Rachel*, 384 U.S. 780 (1966), involved several African-American defendants who had refused to leave a restaurant when asked to leave for racial reasons. The defendants were prosecuted for trespass and attempted to remove the trespass case to federal court. The United States Supreme Court held that the defendants were allowed to remove the state criminal trespass proceeding to federal court under § 1443(1) because the existence of the trespass case itself illustrated that the

defendants would be denied federal civil rights in state court. *Id.* at 805-06. The *Rachel* court explained that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id.* at 792. Thus, § 1443(1) was intended to protect defendants from cases brought against them in which they could not assert their civil rights to racial equality. *Id.*

The second subsection of § 1443 allows defendants who are federal officers to remove cases against them if they are being prosecuted or sued for enforcing the civil rights laws. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 823-24 (1966). Since Plaintiff is not a federal officer, Plaintiff cannot use this sub-section as an admission that Plaintiff's civil rights have been violated.

Since the removal is not an admission of liability, Plaintiff is not entitled to judgment on his claims, and the Court will deny Plaintiff's MSJ.

By reason of the rulings in this Memorandum Opinion And Order, the following motions are moot:

1. Verified Response Opposing Removal And For Summary Remand (Doc. No. 10);

2. Motion To Strike Defendant's Answer To Second Amended Complaint To Void Judgment And For Writ Of Quo Warranto (Doc. No. 12);

3. Objection To Prejudicial Order Entered, The Untrustworthiness Of Assigned Judges, And The Erroneous Caption Of Case (Doc. No. 18);

4. Verified Demand For Action And Satisfaction (Doc. No. 19);

5. Motion For Judicial Notice Of Pertinent Evidence (Doc. No. 23);

6. Motion For Order Permitting Amending Prior Pleadings As The Need Arises And As Defendant Has Done Absent Court Authority To Do So (Doc. No. 24);

7. Motion To Vacate Attorney-Client Privilege (Doc. No. 37);

8.  Motion For Judicial Notice Under Rule 201 Of Defendant's Part In Racketeering Activity (Doc. No. 44);

9.  Objection To Order Denying Objection To The Prejudicial Order Entered, The Untrustworthiness Of Assigned Judges, And The Erroneous Caption Of Case (Doc. No. 50); and

10.  Motion For Judicial Notice Of Criminal Acts (Doc. No. 51).

IT IS ORDERED that Defendant District Court's Motion To Dismiss No. I: Dismissal of Gomez's Fourteenth Amendment Equal Protection And Procedural And Substantive Due Process Claims (Doc.  No. 11) is granted and all of Plaintiff's claims under 42 U.S.C. § 1983 will be dismissed with prejudice;

IT IS FURTHER ORDERED that Defendant District Court's Motion For Partial Summary Judgment No. I: Dismissal Of Plaintiff's Quo Warranto Action And Claims Brought Under 42 U.S.C. §§ 1983, 1985, and 1986 (Doc. No. 14) is granted and all of Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 will be dismissed with prejudice.

FURTHER ORDERED that Plaintiff's Verified Motion For Summary Judgment Under Rule 56 (Doc. No. 33) is denied.

FURTHER ORDERED that the Verified Response Opposing Removal And For Summary Remand (Doc. No. 10), the Motion To Strike Defendant's Answer To Second Amended Complaint To Void Judgment And For Writ Of Quo Warranto (Doc. No. 12), the Objection To Prejudicial Order Entered, The Untrustworthiness Of Assigned Judges, And The Erroneous Caption Of Case (Doc. No. 18), the Verified Demand For Action And Satisfaction (Doc. No. 19), the Motion For Judicial Notice Of Pertinent Evidence (Doc. No. 23), the Motion For Order Permitting Amending Prior Pleadings As The Need Arises And As Defendant Has

24

Done Absent Court Authority To Do So (Doc. No. 24), the Motion To Vacate Attorney-Client

Privilege (Doc. No. 37), the Motion For Judicial Notice Under Rule 201 Of Defendant's Part In

Racketeering Activity (Doc. No. 44), the Objection To Order Denying Objection To The

Prejudicial Order Entered, The Untrustworthiness Of Assigned Judges, And The Erroneous

Caption Of Case (Doc. No. 50), and the Motion For Judicial Notice Of Criminal Acts (Doc. No.

51) are denied as moot.

_____

UNITED STATES SENIOR DISTRICT JUDGE